# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
### (Northern Division)

SINAI HOSPITAL OF BALTIMORE, INC.,
2401 West Belvedere Avenue
Baltimore, Maryland 21215

   Plaintiff

 v.

1199 SEIU UNITED HEALTHCARE
WORKERS EAST,
611 North Eutaw Street
Baltimore, Maryland 21201

   Defendant.

## COMPLAINT AND MOTION TO VACATE
## LABOR ARBITRATION AWARD

  Plaintiff Sinai Hospital of Baltimore, Inc. ("Sinai"), through counsel, submits this complaint and motion seeking vacatur of an award by arbitrator Alan A. Symonette, Esq. in favor of 1199 SEIU United Healthcare Workers East (the "Union") on behalf of the grievant Dennis Day.  Sinai complains and alleges as follows:

  1. This action arises under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

  2. Venue lies in this district under 28 U.S.C. §§ 1391(b)(1) and (2), and 29 U.S.C. §§ 185(a) and (c).

  3. Sinai is a non-profit corporation organized under the laws of the State of Maryland, with its principal place of business located at 2401 West Belvedere Avenue, Baltimore,

Maryland 21215.

4. Defendant is a labor union whose officials represent numerous Sinai employees including Dennis Day, the grievant in the underlying arbitration.

5. Sinai and the Union are parties to a collective bargaining agreement, which provides among its terms for arbitration in the event of an unresolved grievance by a Sinai employee who is a member of the Union.

6. The collective bargaining agreement references workplace policies maintained by Sinai, which include a workplace violence policy and a personal conduct policy.

7. On March 28, 2012, Mr. Day made threatening statements concerning his supervisor while at work.

8. Multiple Sinai personnel who overheard Mr. Day's threatening statements feared that they reflected Mr. Day's intent to cause his supervisor physical harm.

9. Sinai promptly initiated an investigation that included a search of Mr. Day's locker and various witness interviews.

10. During the search, a knife with a five-inch blade was found in Mr. Day's locker.

11. Following the investigation's conclusion, Sinai terminated Mr. Day effective April 2, 2012.

12. The Union filed a grievance on behalf of Mr. Day.

13. The parties were unable to resolve the grievance through procedures afforded under the collective bargaining agreement; therefore, the dispute was submitted for arbitration to Alan A. Symonette, Esq.

14. Following the arbitration proceedings, Mr. Symonette issued a final opinion and

award dated February 24, 2014.

15. In his opinion and award, Mr. Symonette sustained the grievance, found that Sinai had lacked just cause to terminate Mr. Day, and directed his reinstatement as well as back pay.

16. Mr. Symonette's opinion and award are subject to vacatur because the award fails to draw its essence from the collective bargaining agreement and Sinai's workplace policies in several vital respects. Sinai's position is set forth more fully in an accompanying memorandum of law.

WHEREFORE, Sinai seeks an order vacating the labor arbitration award dated February 24, 2014.

Date:   March 26, 2014                            Respectfully submitted,

                                                      /s/ Daniel P. Moylan

                                                  Cyril V. Smith (Fed. Bar No. 07332)
                                                  Daniel P. Moylan (Fed. Bar No. 26476)
                                                  ZUCKERMAN SPAEDER LLP
                                                  100 East Pratt Street, Suite 2440
                                                  Baltimore, MD 21202-1031
                                                  T: 410-332-0444
                                                  F: 410-659-0436
                                                  csmith@zuckerman.com
                                                  dmoylan@zuckerman.com

                                                  *Counsel for Sinai Hospital of Baltimore, Inc.*